## ONE BEACON INSURANCE COMPANY, Appellant,

### v.

## KIGA, KENTUCKY INSURANCE GUARANTY ASSOCIATION, Appellee.

No. 2010–CA–000220–MR.

Court of Appeals of Kentucky.

Jan. 28, 2011.

Felicia S. Snyder, Lexington, KY, for appellant.

William P. Swain, Susan D. Phillips, Tera M. Rehmel, Louisville, KY, for appellee.

Before LAMBERT and MOORE, Judges; ISAAC,[1] Senior Judge.

---

1. Senior Judge Sheila R. Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky

## OPINION

LAMBERT, Judge:

One Beacon Insurance Company (One Beacon) appeals from the January 5, 2010 order of the Jefferson Circuit Court granting summary judgment in favor of Kentucky Insurance Guaranty Association (KIGA). After careful review, we affirm.

On July 22, 1974, September 26, 1974, and May 2, 1975, Robert M. Cissell, an employee of Coca–Cola Bottling Company, sustained injuries to his low back while lifting cases of Coke in the course and scope of his employment. The Workers' Compensation Board found Cissell to be 50% occupationally disabled and apportioned the disability arising out of the three injuries between two different insurance companies. At the time of the first injury, Northern Assurance Company of America (Northern) was Coca–Cola's workers' compensation carrier, and at the time of the second and third injuries, Leatherby Insurance Company (Leatherby) was the employer's workers' compensation carrier (One Beacon later assumed Northern). Pursuant to a Court Order from an old Board decision (now Administrative Law Judge decision) entered on August 2, 1976, and a joint stipulation dated October 11, 1976, the two workers' compensation insurers would equally share on a 50/50 basis the responsibility for payment of future income benefits and future medical benefits.

Later Leatherby changed its name to Western Employers Insurance Company (Western), which became insolvent in 1991. At that time KIGA then became responsible for payment of claims previously held by Western. In 2007, Tracy Walnista took over handling of this file for One Beacon, and in that capacity, she learned that One Beacon was paying all of Cissell's medical bills. She testified that this was the first time anyone at One Beacon was aware of this since entry of the original order and stipulation in 1976. During this time, KIGA never received any medical bills from One Beacon or from any medical providers requesting payment.

In the instant action entitled "Petition to Enforce Order," One Beacon sought an order from the trial court ordering KIGA to pay $54,435.53, which constitutes one-half of the medical bills which it has paid on behalf of Robert Cissell. Through correspondence and requests for admissions, One Beacon admits that it did not submit any medical bills to KIGA for payment prior to September 7, 2007, and admits that the amount in controversy constitutes "subrogation funds" claimed for reimbursement of payments for Robert Cissell's medical treatment.

On January 5, 2010, the Jefferson Circuit Court entered summary judgment in favor of KIGA on the grounds that there were no genuine issues of material fact and that as a matter of law the claims presented are not "covered claims" within the clear language of KRS 304.36–050, the statutory provisions defining the terms and functions of KIGA. This appeal now follows.

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996); Kentucky Rules of Civil Procedure (CR) 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a

Constitution and Kentucky Revised Statutes (KRS) 21.580.

judgment in his favor." *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991).

In the instant case, because there are no genuine issues of material fact, and KIGA was entitled to judgment as a matter of law, we affirm.

KIGA is a statutorily-created entity for limited purposes with limited liability and authority. *See* KRS 304.36–050–060. It is not required, or even authorized, to pay all of the claims and obligations of insolvent insurance companies. It can only pay those claims which it is empowered to pay: to wit, "covered claims." KRS 304.36–050 states, in relevant part:

As used in this subtitle, unless the context otherwise requires:

(3) **"Claimant" means any insured making a first-party claim or any person instituting a liability claim,** provided that no person who is an affiliate of the insolvent insurer may be a claimant;

\* \* \*

(6) (a) "Covered claim" means an unpaid claim, including one for unearned premiums, submitted by a claimant, which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this subtitle applies issued by an insurer, if the insurer becomes an insolvent insurer after June 16, 1972, and:

   1. The claimant or insured is a resident of this state at the time of the insured event, provided that for entities other than an individual, the residence of a claimant, insured, or policyholder is the state in which its principal place of business is located at the time of the insured event; or

   2. The claim is a first-party claim for damage to property with a permanent location in this state.

(b) **"Covered claim" shall not include the following:**

   1. **Any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise;** . . . .

(Emphasis added).

One Beacon is clearly an insurer which now seeks to recover from KIGA one-half of the amounts it paid on behalf of the injured employee for medical fees. One Beacon has admitted that it is an insurer and that its claim is a subrogation claim. By the clear language of the statute, One Beacon is not an insured making a first-party claim or a person seeking a liability claim. Thus, One Beacon is not a claimant under KRS 304.36–050. Further, One Beacon's claim for subrogation of paid medical benefits is not a covered claim, as subrogation claims are specifically prohibited in the statute. Accordingly, the trial court's holding that One Beacon's claims are not covered claims was correct as a matter of law.

We note that this is a matter of first impression in the state of Kentucky, but that other states have dealt with the question in a decisive manner. *See California Union Insurance Co. v. Central National Insurance Co. of Omaha*, 117 Cal.App.3d 729, 173 Cal.Rptr. 35 (Cal.App. 2 Dist. 1981) (court rejected insurer's subrogation claim upon the grounds that the legislature chose to provide a very limited form of protection for the public rather than a fund for the protection of other insurance companies from insolvencies of fellow members of the Fund). *See also Ferrari v. Toto*, 9 Mass.App.Ct. 483, 402 N.E.2d 107 (1980) (court held that in Massachusetts the Fund is excused from paying

claims if the ultimate beneficiary is an insurance company).

In the instant case, One Beacon is not a claimant, as defined in KRS 304.36–050(3), nor is a subrogation claim a "covered claim" for which KIGA is responsible under the statutory scheme. Accordingly, the trial court was correct as a matter of law and summary judgment was appropriate. Therefore, we affirm the January 5, 2010, order of the Jefferson Circuit Court.

ALL CONCUR.